514 A.2d 1389

**Carol M. McCLOSKEY**

v.

**Edward C. McCLOSKEY, Appellant.**

Superior Court of Pennsylvania.

Argued March 4, 1985.

Filed Sept. 16, 1986.

---

2. We find the remaining issues raised by appellant to be meritless and not worthy of further discussion.

Jeffrey J. Sikirica, Mars, for appellant.

Richard E. Goldinger, Assistant Public Defender, Butler, for appellee.

Before OLSZEWSKI, HESTER and SHIOMOS, JJ.*

HESTER, Judge:

This appeal challenges a final order of equitable distribution in a divorce proceeding. The trial court ruled, *inter alia*, that the increase in value of real estate, acquired during the marriage in exchange for appellant's premarital property, is marital property subject to distribution, regardless whether the increase was due entirely to inflation. Edward McCloskey, husband-appellant, has appealed that portion of the trial court's ruling. We affirm.

This court, sitting en banc, considered this question in *Anthony v. Anthony*, 355 Pa.Super. 589, 514 A.2d 91 (1986). *Anthony* differed factually from the present case in that the court initially was required to consider whether an increase in value of premarital assets constitutes marital property. The second issue was whether the increase in value should be reduced to reflect the factor of inflation. *Anthony* held that the entire increase in value is marital property subject to distribution, and that the increase is not reduced to reflect inflation.

The present case does not involve the initial consideration of *Anthony*. The marital property exceptions enumerated in 23 P.S. §§ 401(e)(1)–(7) provide, in pertinent part, that property acquired in exchange for property received prior to the marriage is excluded from marital property. 23 P.S. § 401(e)(1). However, the Divorce Code (hereinafter "Code") declares that the increase in value of that property,

* Judge Thomas N. Shiomos, Senior Judge of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

during the marriage, is marital property. *Id.* At first blush, then, it appears that the Code clearly governs this situation.

Appellant argues, however, that "the bulk of the increase" in the present case is due to inflation and should therefore be excluded from marital property. He claims that section 401(e)(1) should apply only "to that percentage of the total appreciation in value shown to be due to the joint efforts of the parties...." Appellant's brief at 10.

*Anthony* discussed, and rejected, the argument that any appreciation due to inflation should not be regarded as an increase in value subject to equitable distribution. Concluding that inflation as a factor cannot be eliminated from the determination of a property's fair market value, the *Anthony* court stated, "massive and near impossible proof problems would be generated by attempting to eliminate inflation from a calculation of increased value." *Anthony v. Anthony, supra,* 355 Pa.Superior Ct. at 612–613, 514 A.2d at 103. The court concluded that the Code includes inflation "as part of the appreciation in property value subject to equitable division and distribution." *Id.,* 355 Pa.Superior Ct. at 613, 514 A.2d at 104. It is when allocating and dividing the property that the court may consider the effort expended by each party. The Code provides that the court consider, *inter alia,* a party's contribution to the appreciation of marital property when distributing it, 23 P.S. § 401(d)(7), not when determining whether it falls within the definition of marital property. The *Anthony* court made that clear when it stated:

> Because it is the time, rather than the manner, of acquisition that determines whether property constitutes marital property under Pennsylvania's Divorce Code, *the spouses' efforts* and/or financial contributions *are not germane to definition of marital property under the Code.*

*Id.,* at 99 (footnote and citation omitted) (emphasis added).

As this case is controlled by *Anthony v. Anthony, supra,* the decision of the trial court is affirmed.